Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ANTHONY MENICHIELLO, an individual, and DENMAR CONSULTING, INC. DBA MARTIN & ASSOCIATES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BIZFI.COM, MERCHANT CASH AND CAPITAL, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | ) | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, Anthony Menichiello and Denmar Consulting, Inc. dba Martin & Associates ("Plaintiffs"), on behalf of themselves and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiffs bring this action for themselves and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Bizfi.com and Merchant Cash and Capital, LLC ("Defendants"), in negligently, knowingly, and/or willfully placing sales, solicitations and/or other telemarketing calls to Plaintiffs' business telephones despite Plaintiffs being registered with the National Do Not Call Registry and in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

**JURISDICTION & VENUE**

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, a resident of California and a business located in California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, companies with their principal places of business in New York and State of Incorporation in Delaware state. Plaintiffs also seeks $500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the CENTRAL District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendants do business within the state of California and Orange County.

**PARTIES**

4. Plaintiff DENMAR CONSULTING, INC. DBA MARTIN & ASSOCIATES ("Plaintiff Denmar"), is a company engaged in the business of providing tax relief and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Plaintiff ANTHONY MENICHIELLO ("Plaintiff Menichiello"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (39)*. Further, Plaintiff Menichiello is the signatory of Plaintiff Denmar.

6. Defendant, MERCHANT CASH AND CAPITAL, LLC ("Defendant Merchant Cash"), is a business loan provider and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. Defendant, BIZFI.COM ("Defendant Bizfi.com"), is also a business loan provider and is a "person" as defined by *47 U.S.C. § 153 (39)*. Defendant Bizfi.com is a division of Defendant Merchant Cash.

8. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10. Beginning in or around December of 2015, Defendant Bizfi.com contacted Plaintiffs on their business telephone number (714) 896-0000, in an effort to sell or solicit its services.

11. Since December of 2015, Defendant Bizfi.com has placed no less than one such telephone calls to Plaintiffs' business telephone from (888) 986-6541. Additionally, Defendant Bizfi.com followed the phone call with a further unsolicited e-mail sent from Dpotter@bizfi.com, inviting Plaintiffs to submit an application via fax to (877) 614-8299, by e-mailing back Dpotter@bizfi.com, or to call (646) 604-8274 for clarifications.

12. Plaintiffs are not customers of Defendant Bifzi.com or Defendant Merchant Cash's services, have never provided any personal information, including their business telephone number, to Defendants for any purpose whatsoever, nor have Plaintiffs purchased or used any goods or services offered by Defendants at any time prior to the filing of the instant Complaint.

13. Furthermore, Plaintiffs have had their business telephone number (714) 896-0000 continuously registered with the National Do Not Call Registry since May 22, 2015.

14. Plaintiffs are informed, believe and thereon allege that Defendant Bizfi.com was acting as an agent and/or employee of Defendant Merchant Cash and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of Defendant Merchant Cash. As such, Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein by Defendant Bizfi.com was made known to, and ratified by, Defendant Merchant Cash. Thus, Defendant Merchant Cash is liable for all actions described above of its "major subsidiary", Defendant Bizfi.com.

15. All calls placed by Defendant Bizfi.com to Plaintiffs utilized an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendants never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or

prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

**CLASS ALLEGATIONS**

18. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received any sales or solicitation telephone calls from Defendants to said person's telephone who had registered said telephone with the National Do Not Call Registry and who had not maintained a business relationship with Defendants within eighteen (18) months of receiving Defendants' calls.

19. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendants.

21. Plaintiffs and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and Class members via their personal telephones despite Plaintiffs and The Class invoking their rights afforded by the National Do Not Call Registry to be free of unwanted telemarketing calls, thus invading the privacy of said Plaintiffs and Class

members.

22. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants made any sales or solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member who had registered his or her telephone on the Do Not Call Registry and who did not have a business relationship with Defendants within eighteen (18) months prior to receiving said calls;

b. Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

23. As a person that received sales/solicitation calls from Defendants on a telephone number registered with the Do Not Call Registry and who had no previous business relationship with Defendants, Plaintiffs are asserting claims that are typical of The Class.

24. Plaintiffs will fairly and adequately protect the interests of the members of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

25. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome

to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

27. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

28. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

30. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

31. Plaintiffs and the Class members are also entitled to and seek

injunctive relief prohibiting such conduct in the future.

///

///

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

32. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

34. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

35. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

**TRIAL BY JURY**

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully Submitted this 20th Day of April, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiffs